No. 13,646

First Circuit

---

BERDON-CAMPBELL FURN. CO. v. NURRAH

---

(Feb. 12, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 625.**
The finding of the trial court on a matter of fact, namely, that a "Heatrola" was suited for the purposes for which it was sold, being clearly correct, is affirmed.

Appeal from First Circuit, State of Louisiana. Hon. Jerry Cline, Judge.

Action by Berdon-Campbell Furniture Company against George Nurrah.

There was judgement for plaintiff and defendant appealed.

Judgment affirmed.

J. Sheldon Toomer, of Lake Charles, attorney for plaintiff, appellee.

A. R. Mitchell, of Lake Charles, attorney for defendant, appellant.

ELLIOTT, J. Action to compel payment of the purchase price of a heater. The defendant claiming that it would not function, nor perform the work for which it had been sold.

Berdon-Campbell Furniture Co., Ltd., sold and delivered to George Nurrah, an Estate Heatrola No. 4-D, and sues to compel payment of the price.

The defendant, Nurrah, alleges that the Heatrola will not work, nor function as represented by the plaintiff in selling it to him. That in attempting to demonstrate that it would heat the house as claimed, plaintiff damaged the paper of two rooms in defendant's house, to the extent of fifty dollars, which sum he claims in reconvention.

The defendant urges that the court erroneously refused to hear certain evidence, the purpose of which was to show certain warranties beyond the contract of sale evidenced by a written order signed by defendant's wife. There are no allegations of fraud, error or deception urged in the answer. The ruling of the court was correct. There exists a legal warranty that a thing sold will do the work for which the seller sells it, if properly handled. The lower court heard all of the evidence on this subject that was offered by the defendant.

The evidence shows that the Heatrola will heat all right. There is no doubt about that; but it must be properly fueled, the heat must be looked after and regulated, else it may get too hot and if the house it left open it will not be warmed. Defendant is charged with knowing these things. The success of the heater also somewhat depends on its location in the house. The heater appears to have been properly erected. The defendant erected this heater and explained to a party re-

siding in the house and present at the time how to operate it. It did not give satisfaction and defendant sent in complaints. Plaintiff sent an employee on two occasions to show and demonstrate the way to operate the heater to the defendant, but defendant failed to keep appointments made for that purpose. A member of his family was there to see it done; but the evidence indicates that defendant did not care much about explanations on the subject.

The evidence leaves the impression that after the heater had been ordered and erected, defendant would have preferred it had not ben done, was sorry it had been ordered and would be glad to get out of paying for it. If that be the case, he should have considered the matter longer before permitting his wife to order it and have it erected in his house.

The evidence does not enable us to say that the lower court erred. The judgment appears to be correct. Judgment affirmed. Defendant and appellant to pay the costs in both courts.